UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDRE LAFLEUR,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 5:26-cv-02993-EJD<br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br>Re: Dkt. No. 17 |

Plaintiff Andre LaFleur ("Plaintiff") brings claims under the Quiet Title Act against Defendant United States of America ("the United States" or "the Government") arising out of a land dispute. Compl., ECF No. 1. Before the Court is the Government's motion to dismiss. Mot., ECF No. 17; Opp'n, ECF No. 19; Reply, ECF No. 21.

After carefully reviewing the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the reasons stated below, the Court **GRANTS** the Government's motion with leave to amend.

## I. BACKGROUND

Plaintiff, as trustee of the Lafleur Revocable Trust, claims to own the land and improvements located at 151 Church Street, Davenport, California, APN 058-101-06, referred to in the complaint as the Lafleur Property. Compl. ¶ 2. The Government, through the Department of the Interior and Bureau of Land Management, acquired the adjacent Coast Dairies Property through a 2014 grant deed later superseded by a 2016 Correction Grant Deed. *Id.* ¶ 8.

Plaintiff identifies a 0.46-acre area of the Coast Dairies Property adjacent to the Lafleur Property as the "Disputed Property." *Id.* ¶ 12. Plaintiff alleges that the Disputed Property

contains improvements that have existed for the use and benefit of the Lafleur Property for the past eighty years, including a historic barn, a structure currently used as a workshop and studio/gallery, improvements for ingress and egress, a right-of-way, landscaping, and utilities. *Id.* Plaintiff alleges that his rights in the Disputed Property vested while the Coast Dairies Property was privately owned, before the United States acquired title. *Id.* ¶ 14. The Government disputes those rights, alleges trespass, and has demanded that Plaintiff vacate and restore the Disputed Property to its natural habitat. *Id.* ¶ 13. Plaintiff brings this action to quiet title in response.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 556 U.S. at 678. "The moving party has the burden of persuasion in arguing for dismissal." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

If the court concludes that a Rule 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III. DISCUSSION

The Quiet Title Act ("QTA") authorizes a civil action against the United States to adjudicate disputed title to real property in which the United States claims an interest. 28 U.S.C. §

2409a(a). Plaintiffs bringing claims under the QTA must meet a heightened pleading standard. [1] *Id.* § 2409a(d). The QTA provides that the "complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." *Id.* "Consistent with the limited waiver of sovereign immunity in the QTA, [] courts have instructed that the pleading requirements of the QTA must be strictly observed and exceptions thereto are not to be implied." *Hazel Green Ranch, LLC v. U.S. Dep't of Interior*, No. 107CV00414OWWSMS, 2010 WL 1342914, at *4 (E.D. Cal. Apr. 5, 2010), *aff'd sub nom. Hazel Green Ranch, LLC v. U.S. Dep't of the Interior*, 490 F. App'x 880 (9th Cir. 2012); *see also McMaster v. United States*, 731 F.3d 881, 897–98 (9th Cir. 2013) (finding the "particularity" requirement "necessitates a great deal of specificity").

The Government argues that Plaintiff failed to plead with particularity both: (1) the property in dispute, and (2) the circumstances under which Plaintiff's rights were acquired. The Court agrees with the latter.

First, the Court finds Plaintiff clearly describes the Disputed Property. The complaint specifically identifies a 0.46-acre area of the Coast Dairies Property adjacent to the LaFleur Property and attaches the County GIS/aerial map showing the approximate Lafleur boundaries and the location of Plaintiff's buildings and improvements, the 1919 subdivision map, the 2015 Craig survey for Lot 6, the 2014 DeWitt survey for the adjoining Coast Dairies tract, and the 2016 Correction Grant Deed to the United States. Compl., Exs. B–F. The Court finds these allegations

[1] Some courts have also analyzed whether a complaint satisfies the "particularity" requirement in the context of subject matter jurisdiction. *See, e.g., Anniversary Mining Claims, LLC v. United States*, 859 F. App'x 93, 94–95 (9th Cir. 2021) (affirming district court's dismissal of QTA claim for lack of jurisdiction due to failure to plead with sufficient particularity). However, the Supreme Court has more recently cautioned against assuming QTA provisions are jurisdictional absent a clear statement from Congress. *Wilkins v. United States*, 598 U.S. 152, 165 (2023) (finding the QTA's statute of limitations a procedural requirement rather than a jurisdictional requirement). Here, the Court finds no clear statement from Congress indicating the "particularity" pleading requirement is jurisdictional; therefore, the Court will examine the Government's motion under the lens of Rule 12(b)(6). *See McMaster v. United States*, 731 F.3d 881, 900–01 (9th Cir. 2013) (affirming district court's dismissal of QTA claim under Rule 12(b)(6) due to failure to plead with sufficient particularity).



United States District Court
Northern District of California

sufficient to meet Plaintiff's burden to allege with specificity the property in dispute.

Second, however, the Court finds Plaintiff fails to allege with sufficient specificity how he acquired his interest in the Disputed Property. Plaintiff argues that he acquired title through "longstanding use and improvements for the benefit of Lot 6 while the property was in private ownership, before the 2014/2016 federal acquisition, and in the context of a federal conveyance made subject to existing rights-of-way or easements." Opp'n 3; *see also* Compl. ¶¶ 3–8. Plaintiff also describes several improvements he and his family made to the land over the past eighty years, i.e., building a historic barn, building a workshop/studio/gallery structure, ingress and egress improvements, a right-of-way, landscaping, and utilities. *Id.* ¶ 12. But critically, Plaintiff fails to describe how any of these circumstances equate to a lawful acquisition of title.

Plaintiff does not allege that he acquired property rights through a written instrument, and he does not allege facts sufficient to show he acquired rights through other valid means. If Plaintiff is claiming ownership through improvements made to the land or "longstanding use," Plaintiff provides no legal authority indicating these circumstances create property rights. If Plaintiff is claiming ownership through adverse possession, this is not alleged, nor argued.[2] Indeed, Plaintiff suggests that he does not in fact claim an interest through adverse possession—arguing that "[l]ongstanding use is part of the historical circumstances explaining the claimed vested rights; it does not convert the Complaint into a claim of adverse possession against the United States." Opp'n 7. If Plaintiff is claiming ownership through an easement, the circumstances of the easement are not sufficiently pled. For example, Plaintiff fails to identify the alleged easement in dispute; fails to specify whether the easement was obtained by prior use,

---

[2] The Government also highlights that the QTA does not allow actions based on property adversely possessed from the United States. As the Ninth Circuit has explained that "[o]ne cannot gain title to land of the United States through adverse possession," and "no title to public lands can be obtained through the Government's acquiescence." *United States v. Pappas*, 814 F.2d 1342, 1343 n.3 (9th Cir. 1987) (citing 28 U.S.C. § 2409a(n) ("Nothing in this section shall be construed to permit suits against the United States based upon adverse possession.")). However, Plaintiff is not alleging that he acquired title "through the Government's acquiesce"; he is alleging he acquired title *prior* to the Government's claimed property interest. The Government has provided no authority indicating property acquired through adverse possession prior to the Government's claimed property interest are excluded from the QTA.

prescriptive use, or other means; and fails to identify the legal standard for any of these methods of acquisition—let alone identify facts in the complaint to meet them. *See Hazel Green Ranch*, 490 F. App'x at 882 (finding the complaint deficient to state a QTA claim because it "fails to specify whether the implied easement was obtained by prior use or prescriptive use and fails to meet the conditions for either").

Therefore, because Plaintiff failed to allege with sufficient specificity the circumstances by which he acquired title, the Court finds the complaint fails to state a claim. The Court will grant Plaintiff the opportunity to amend if he so chooses. *Lopez*, 203 F.3d at 1127 ("[C]ourt[s] should grant leave to amend even if no request to amend the pleading was made, unless [they] determine[] that the pleading could not possibly be cured by the allegation of other facts.").

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** the Government's motion to dismiss with leave to amend. Should Plaintiff seek to file an amended complaint, he must do so by **November 30, 2026**.

**IT IS SO ORDERED.**

Dated: November 9, 2026

EDWARD J. DAVILA
United States District Judge